UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES EDWIN PHINNEY, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV579 HEA |
| | ) | |
| JEFFERY CARSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to file an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

The complaint is 213 pages long and contains 332 pages of exhibits. It is unintelligible. Many of the allegations are obviously delusional. And the vast majority of the allegations do not pertain to plaintiff or any of the defendants.

Additionally, plaintiff names more than 150 defendants. Most of the claims against the different defendants appear to be unrelated.

## Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff give a "short and plain statement" of the facts giving rise to relief. Rule 8(d) requires that pleadings be "simple, concise, and direct."

Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The complaint does not comply with Rule 8 or 20. As a result, plaintiff must submit an amended complaint that contains only a short and plain statement of the *facts* plaintiff believes entitle him to relief. It must be simple, concise, and direct. He must allege how each defendant individually violated his rights. And he must include only defendants properly joined under Rule

20. If plaintiff fails to comply with the Federal Rules in his amended pleading, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order or the Federal Rules, the Court will dismiss this action without further proceedings.

Dated this 28th day of April, 2016.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE