# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES EDWIN PHINNEY, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV579 HEA |
| | ) | |
| JEFFERY CARSON, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. The Court ordered plaintiff to amend his complaint because it did not comply with Rule 8(a) of the Rules of Civil Procedure and because most of the defendants were not properly joined. Upon review, the Court finds that the amended complaint does not comply with Rule 8(a). As a result, this action is dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff give a "short and plain statement" of the facts giving rise to relief. Rule 8(d) requires that pleadings be "simple, concise, and direct." "A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint." *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).

Under 28 U.S.C. § 1915(e), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.

Plaintiff's original complaint was 213 pages long with 332 pages of exhibits. The allegations were unintelligible and delusional. The majority of the allegations did not pertain to plaintiff or the named defendants. Consequently, the Court explained to plaintiff the pleading requirements of Rule 8(a), (d) and ordered him to file an amended complaint.

The amended complaint is an improvement. It is fifty-two pages long and is comprised of 402 separately numbered paragraphs. However, it suffers from the same infirmities as the original complaint. Many of the allegations are delusional. Plaintiff alleges that he has a psychiatric disorder and has been prescribed ineffective medications. Plaintiff describes several implausible conspiracies in his complaint. For example, he says he was approached by several prisoners at the Medium Security Institution about joining in their escape plan. He says they had several deadly weapons, including "zip guns," or improvised firearms. He reported the plan to prison officials, and he says the prison administrators thanked him for exposing the plot. Plaintiff also claims that a Corizon nurse had a romantic relationship with a dangerous inmate and that she brought him illegal drugs so that he could assault an inmate. He claims he told her to stop bringing the drugs into the prison, and as a result, her love interest assaulted her. Plaintiff also claims that several of the defendants admitted to him that his rights were being violated.

The complaint is also far too long. It rambles, and most of the allegations are inconsequential. As a result, the Court will dismiss this action under Rule 41(b) and 28 U.S.C. § 1915(e). Plaintiff cannot afford to pay the initial partial filing fee, and so the Court will not require him to pay it. Plaintiff is not prejudiced by this dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that the filing fee requirement is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 18th day of May, 2016.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE